UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 1:24-CR-203 |
| SHAKWON SHARIF JAMISON, | : | (JUDGE MANNION) |
| Defendant | : | |

## MEMORANDUM

Presently before the Court is Defendant Shakwon Sharif Jamison's motion *in limine* to elicit evidence of bias from Agent James Hinton of the Pennsylvania Office of the Attorney General ("OAG") as a witness in his case in chief. For the following reasons, the Court will **GRANT** the Defendant's motion in part and **DENY** the Defendant's motion in part.

### I. Background

On July 21, 2024, a federal grand jury sitting in Harrisburg, Pennsylvania, returned a 13-count indictment against the Defendant and a co-defendant, Zierra Jones. (Doc. 1). The grand jury charged the Defendant with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §846 (Count 1); Distribution of a Controlled Substance, in violation of 21 U.S.C. §841(a)(1) (Counts 2 through 10); Use and Carry of a Firearm

1

During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count 12); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1) (Count 13). Nine of the ten counts which involved the distribution of a controlled substance directly involved the Defendant. *Id.*

From the materials submitted, it is undisputed that the investigation into the Defendant was conducted by OAG Agent Kurt Zitsch, who is also a Task Force Officer with Homeland Security Investigation. Many of the other participants in this investigation were also agents with the OAG. (Doc. 67 at 2). Agent Hinton, who is the subject of the instant motion, participated in six of the controlled purchases involving the Defendant. As put forth by the Government, his role was as follows:

- Counts 2 and 3: Agent Hinton transported the confidential informant to and from the meet locations for the controlled purchases, observed the meets, and obtained the purchased methamphetamine from the confidential informant following the controlled purchases.

- Count 4: Agent Hinton transported the confidential informant to and from the meet location for the controlled purchase, observed the meet, and obtained the methamphetamine from the confidential

informant following the controlled purchase. He also searched the confidential informant prior to and following the controlled purchase.

- Counts 5-9: Agent Hinton was "involved in" transporting and searching the confidential informant, observing the meets, and collecting evidence.

(Doc. 67 at 2-3).

On November 18, 2024, nearly four months after the Defendant was indicted, Agent Hinton was held in contempt in a wholly unrelated matter. *See U.S. v. Candelario Zavala*, No. 1:22-CR-00237 (M.D. Pa.) (Doc. 228). In that case, the Honorable Jennifer P. Wilson of the U.S. District Court for the Middle District of Pennsylvania "specifically ordered [Agent Hinton] not to discuss the subject matter of his testimony with <u>anyone</u> involved in the case." *Id.* (emphasis in original). Following an evidentiary hearing, Judge Wilson found that Agent Hinton, by interacting with a government witness and a potential government witness, disregarded her order. Agent Hinton's actions, according to Judge Wilson, "represented a willful and flagrant violation of the court's Verbal Order immediately after the order was issued." *Id.* Judge Wilson informed the jury of the same and instructed the jury that they were permitted to consider that fact in weighing Agent Hinton's credibility. *Id.*

In the instant matter, the Government informed the Defendant that it does not intend to call Agent Hinton during its case in chief, and instead intends to rely on other witness testimony, physical evidence, and surveillance evidence. Further, if Agent Hinton is called by the Defendant in his case in chief to be questioned on his alleged bias, the Government has indicated to this Court that it will object.

On July 9, 2025, the Defendant, through counsel, filed the instant motion *in limine* seeking permission to call Agent Hinton at trial and to question him regarding his alleged bias based on the finding of contempt against him. On July 23, 2025, the Government filed a brief in opposition to the Defendant's motion. The Defendant submitted a reply brief on July 31, 2025.

## II.     Legal Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL

4

Case 1:24-cr-00203-MEM  Document 79  Filed 10/17/25  Page 5 of 12

3198006, *2 (M.D. Pa. July 27, 2017). "Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id*. On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id*. Since, evidentiary rulings on motions *in limine* are subject to the trial judge's discretion, they are reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

"A trial court considering a motion *in limine* may reserve judgement until trial in order to place the motion in the appropriate factual context." *Tartaglione*, 228 F.Supp.2d at 406. "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id*. (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### III. Argument

#### A. Relevance

In his motion, the Defendant argues that questioning Agent Hinton during direct examination regarding his contempt is "highly relevant" to demonstrate bias. (Doc. 63 at 3). For the purpose of relevance, Federal

Rule of Evidence 401 instructs whether the Defendant may be permitted to call Agent Hinton as a witness. Federal Rule of Evidence 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence; and [ ] the fact is of consequence in determining the action." Fed.R.Evid. 401.

The Defendant characterizes Agent Hinton's role in this case as "highly relevant" and "essential" (Doc. 63). The Government represents that its case does not rely on Agent Hinton's testimony. While the Government intends to introduce voluminous evidence and testimony, it represents that this evidence will not come from Agent Hinton.[1] (*See* Doc. 67 at 5). Although the Government contends that it does not intend to rely on Agent Hinton's testimony, by the Government's own admission, Agent Hinton searched the confidential informant before and after six controlled meets related to eight (8) of the counts against the Defendant. The Court finds that testimony about Agent Hinton's role in the investigation leading to the Defendant's arrest is relevant under Rule 401.

---

[1] The government represents that it does not intend to call Agent Hinton to testify, unless certain circumstances occur at trial, particularly the questioning of other witnesses by defense counsel which would compel the government to call Agent Hinton.

Though Agent Hinton's testimony is, in general, relevant, questioning him about his previous, unrelated contempt is not. The Defendant is intent on questioning Agent Hinton about that contempt in the hopes of exposing a purported bias that would, in Defendant's theory, cast doubt on the prosecution's entire case in chief.

"Proof of bias is *almost* always relevant" and a "showing of bias on the part of a witness would have the tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony." *United States v. Abel*, 469 U.S. 45, 49 (1984) (emphasis added). As aptly noted by the Government, however, the key word here is "almost." Here, the Defendant has failed to show how Agent Hinton's contempt in an unrelated matter would demonstrate proof of bias that would be relevant to the matter at hand.

The Defendant attempts to extrapolate from Agent Hinton's unrelated contempt an intention "to corrupt the federal judicial system" and a categorical bias against defendants in general. (Doc. 68 at 4). The Defendant states that he "intends to conduct direct examination of [Agent Hinton] on his demonstrated bias as found by Judge Wilson." (Doc. 62 at 2). However, the term "bias" was not once mentioned in Judge Wilson's order or discussion of Agent Hinton's contempt. *See Zavala*, No. 1:22-CR-

7

00237 (M.D. Pa.) (Docs. 244 & 228). In fact, there is no indication in the record that Agent Hinton's behavior demonstrated a bias even in the case for which he was held in contempt, let alone in the instant action, where the Government represents that the events were documented and corroborated, in many cases, by the observations of other agents and by various means of surveillance.

The Defendant also argues that questioning Agent Hinton during direct examination about his contempt is relevant to allow the trier of fact to assess Agent Hinton's credibility, even though Agent Hinton is not expected to provide any testimony in support of the Government's case in chief. (Doc. 68). As to the Defendant's argument regarding credibility, Federal Rule of Evidence 607 provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility." Fed.R.Evid. 607. Federal Rule of Evidence 608 provides: "A witness's credibility may be attacked or supported by testimony about the witness's reputation for having character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed.R.Evid. 608(a). Specific instances of a witness's conduct probative of truthfulness may be inquired into only on cross-examination. Fed.R.Evid. 608(b). "[T]he procedure of calling a witness as if on cross-examination is commonly employed in this District." *Caso v.*

*Luzerne Cnty.*, No. 3:13-CV-02253, 2015 WL 4877817, at *3 (M.D. Pa. Aug. 13, 2015). The Defendant is therefore welcome to call Agent Hinton as if on cross examination and to question him generally to elicit evidence relevant to his credibility. However, the Defendant will not be permitted to question Agent Hinton about his prior contempt because he has not shown that such evidence is relevant in this case.

### B. Rule 403

Even if the Court had found Agent Hinton's testimony regarding his prior contempt charge to be relevant, it nevertheless would be excluded under Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed.R.Evid. 403. "Rule 403 creates a presumption of admissibility, and [ ] district courts may utilize the rule only rarely to cause exclusion of evidence." *United States v. Universal Rehabilitation Servs. (PA)*, 205 F.3d 657, 664 (3d Cir. 2000) (citations omitted). The Third Circuit has held that the trial judge is "in the best position to assess the extent of the prejudice caused a party" and must "be given a *very substantial discretion* in

9

'balancing' probative value on the one hand and 'unfair prejudice' on the other." *Id.* at 665 (emphasis in original) (citations omitted). As such, review of the balancing analysis under Rule 403 is for abuse of discretion. *Id.*

The Defendant claims that Federal Rule of Evidence 403 *commands* that he be permitted to call Agent Hinton and question him regarding bias. (Doc. 68 at 4). The Court is unpersuaded, as the Defendant considers only the "unfair prejudice" criterion put forth in the statute. Upon consideration of all of the criteria put forth by Congress in Rule 403, the Court finds that Agent Hinton's testimony about Judge Wilson's finding of contempt should be excluded because its potential probative value is substantially outweighed by the danger of misleading the jury and confusing the issues.

The Government raises concern that the Defendant intends to "cause confusion regarding the events outlined in the indictment by attacking Agent Hinton's credibility," despite the witness's relatively limited role in the actual events of the controlled meets. (Doc. 67 at 8). They contend that the Defendant "would call Agent Hinton to discuss searching the confidential informant, transporting him and receiving the purchased controlled substances and then confront him with his contempt in a different case to imply that he was lying about doing the things he just testified to doing." (Doc. 67 at 11). Testimony about Agent Hinton's prior, unrelated contempt

Case 1:24-cr-00203-MEM   Document 79   Filed 10/17/25   Page 11 of 12

poses a significant risk of confusing the issues in this case, which outweighs any potential probative value.

The Defendant states that he "is confident that [the Court], if necessary, will provide the jury with appropriate instructions." While the Court appreciates the Defendant's confidence, "it would be an abuse of the rule [403]" for a party to question a witness about an irrelevant, unrelated matter "in the hope that the jury would miss the subtle distinction between impeachment and substantive evidence." *United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984).

### IV. Conclusion

Accordingly, the Defendant's motion *in limine*, (Doc. 62), will be **GRANTED** in part and **DENIED** in part. The Court will permit the Defendant to call Agent Hinton as a witness, if he wishes to do so. However, the

Defendant will not be permitted to attempt to impeach Agent Hinton at trial by questioning him about an unrelated instance of contempt. An appropriate order shall issue.

                                                                          _____
                                                                          **MALACHY E. MANNION**
                                                                          **United States District Judge**

**Dated:** 10/16/25
24-203-02